# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARSHALL SQUARE, LLC, <br> An Oklahoma Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> MARK BETTE, an individual, <br> RON ROLLINS, an individual, <br> MARY ELLEN CUSANO, an individual, and <br> MARTEX, LLC, <br> a New York Limited Liability Company, <br><br> Defendants. | Case No. CIV-17-425-M |

## ORDER

Before the Court is Defendants Mark Bette, an individual, Ron Rollins, an individual, Mary Ellen Cusano, an individual, and Martex, LLC, a New York Limited Liability Company's ("Defendants") Motion to Dismiss ("Motion") filed on June 19, 2017. Plaintiff Marshall Square, LLC, an Oklahoma Limited Liability Company ("Plaintiff") filed a response ("Response") on July 10, 2017. Defendants filed a reply on July 17, 2017. Based on the parties' submissions, the Court makes its determination.

I. Introduction

Plaintiff constructed an apartment complex ("Property") using a general contractor, BBL Builders, L.P. ("BBL"), a New York based limited partnership

1

which filed for bankruptcy protection in October 2016. Plaintiff alleges it relied on Defendants and their agents to make sure the construction trust funds were handled properly. By the time BBL went into bankruptcy, $2,111,038.66 in unpaid invoices were owed to vendors/subcontractors for work done on the Property and many have asserted liens against the Property. Plaintiff alleges Defendants were partners and officers of BBL and Defendants Mark Bette and Mary Cusano had signing power. Plaintiff further alleges Defendant Martex was the managing member of BBL. Plaintiff asserts Defendants violated the lien trust statute, Okla. Stat. tit. 42, § 152 and committed fraud and constructive fraud.

II.  Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. <u>Claim under Okla. Stat. tit. 42, § 152</u>

The Oklahoma lien trust statute states in pertinent part:

> The amount payable under any building or
> Remodeling contract shall upon receipt by
> any contractor or subcon-tractor,be held as
> trust funds for the payment of all lienable

3

> claims due and owing or to become due and
> owing by such contractors or subcontractors
> by reason of such building or remodeling contract.

Okla. Stat. tit. 42, § 152. Defendants assert to state a valid claim under section 152, plaintiff must plead the nonpayment of a "valid lienable claim." Defendants further contend the "valid lienable claim" must be perfected within the 90-day statutory period and the lien must be directly attributable to the defendant's non-payment under a building or remodeling contract.

Oklahoma law states

> That the statutory duty imposed on a general contractor to hold funds in trust for the payment of subcontractors creates a fiduciary relationship between the owner and the contractor. It is also well settled that the owner of real property who places trust funds with a general contractor pursuant to the Oklahoma construction trust fund statutues is a beneficiary of the statutory construction lien scheme to the extent of any valid lienable claims arising from the contract between owner and the general contractor. A subcontractor's valid lienable claim arises upon commencement of work or the furnishing of materials pursuant to a subcontract. From that point onward, this lienable claim remains "inchoate" throughout the construction period and for ninety days following the last furnishing of materials or performance of labor on the subcontract. If the subcontractor takes no action to enforce the lien, or if the lien is not perfected according to the statutory procedures, then the lienable claim loses all its vitality and force.

Murphy Oil USA, Inc. v. Wood, 438 F. 3d 1008, 1017-18 (10th Cir. 2006)(internal quotes and citations omitted).

Defendants request plaintiff be required to amend its pleading to state the exact number and amount of allegedly lienable claims. The Court orders plaintiff to amend its complaint on this claim to state the exact number and amount of allegedly lienable claims.[1]

IV.   Fraud/Constructive Fraud Claim

Federal Rule of Civil Procedure 9(b) governs pleadings of special matters including fraud claims. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud . . ." Fed. R. Civ. P. 9(b). The Tenth Circuit has found that Rule 9(b) requires a plaintiff to plead "the who, what, when, where and how of the alleged [claim]" or, in other words, "to identify the time, place, content, and consequences of the fraudulent conduct." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010)(internal citations and quotations omitted).

Having carefully reviewed plaintiff's First Amended Complaint, the Court finds that plaintiff has set forth sufficient facts to state a claim for fraud/constructive fraud. Specifically, the Court finds that Plaintiff has pled the who, what, when, where, and how of its fraud claim. Plaintiff specifically alleges Defendants were officers of BBL, the builder of its property, and responsible for paying the

---

[1] Plaintiff has requested an opportunity to amend rather than dismiss this claim. Response at p. 12.

subcontractors. Plaintiff alleges all draw requests verified by and through Defendant Martex contained language stating the contractor certified all amounts had been paid for work "for which previous Certificates of Payments were issued." *See* First Amended Complaint at para. 29. Plaintiff further alleges it relied to its detriment on the false representation and continued to advance additional payments to BBL while believing funds previously advanced had been paid to vendors and subcontractors for work performed on the property. The Court, therefore, finds that Plaintiff's fraud/constructive fraud claim should not be dismissed.

V.  Conclusion

Accordingly, the Court

(1) DENIES the Motion to Dismiss [Docket no. 21]; and

(2) ORDERS Plaintiff to AMEND its Complaint in relation to its violation of the lien statute claim to state the exact number and amount of allegedly lienable claims within 10 days of the date of this Order.

**IT IS SO ORDERED this 12th day of February, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE