## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARSHALL SQUARE, LLC, <br> An Oklahoma Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-17-425-M |
| MARK BETTE, an individual; <br> RON ROLLINS, an individual; <br> MARY ELLEN CUSANO, an individual; <br> MARTEX, LLC, a New York Limited <br> Liability Company, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants' Motion for Expedited Protective Order Staying Discovery Pending Ruling on Motion to Compel Arbitration, filed April 24, 2018. On May 2, 2018, plaintiff filed its response, and on May 4, 2018, defendants filed their reply.

Defendants move this Court for the entry of a protective order staying discovery pending the Court's ruling on defendants' April 9, 2018 Motion to Compel Arbitration. Defendants assert that good cause exists for issuing the requested stay and that a stay of discovery is necessary in order to protect them from oppression and the undue burden and expense of responding to plaintiff's discovery prematurely.

This Court has the power to stay proceedings in order "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Having carefully reviewed the parties' submissions, the Court finds good cause for defendants' requested stay. Specifically, the Court finds that the interests of judicial economy would be advanced by a temporary stay of discovery

in this case pending this Court's decision on defendants' Motion to Compel Arbitration. *See Klepper v. SLI, Inc.*, 45 F. App'x 136, 139 (3d Cir. 2002) (holding that "requiring the parties to submit to full discovery [prior to a ruling on the arbitrability issue] may unnecessarily subject them 'to the very complexities, inconveniences and expenses of litigation that they determined to avoid.'"). Additionally, the Court finds the instant motion is not the proper place to address the merits of the Motion to Compel Arbitration but would note that the Court is mindful that defendants' motion could dispose of the entire action. Finally, the Court finds that plaintiff would not be prejudiced by the requested temporary stay. The stay will only last for a short period of time; the Motion to Compel Arbitration will be fully briefed on May 7, 2018, and the Court's ruling on that motion will be issued only a short period of time thereafter. Further, in its response, plaintiff states that it has received a substantial amount of documents through discovery in BBL's bankruptcy and that the documents and information requested in the instant action are supplemental in nature.

Accordingly, the Court GRANTS defendants' Motion for Expedited Protective Order Staying Discovery Pending Ruling on Motion to Compel Arbitration [docket no. 42] and STAYS discovery in this case pending the Court's decision on defendants' Motion to Compel Arbitration.

**IT IS SO ORDERED this 8th day of May, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE